FILED U.S. DISTRICT COURT S.D. OF N.Y. W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALYSSA SALADINO,

Plaintiff,

-against-

VINCENT J. CARBONE, ED.D., BCBA, LLC,
d/b/a CARBONE CLINIC,

Defendant.
-------------------------------------------------------------X

Index #
Date Purchased:

**COMPLAINT**

'06 CIV 15441

JUDGE McMahon

The Plaintiff, ALYSSA SALADINO, by her attorney, Barry D. Haberman, Esq., complaining of the Defendant, VINCENT J. CARBONE, ED.D., BCBA, LLC, d/a/a CARBONE CLINIC respectfully alleges as follows:

1. The Plaintiff, ALYSSA SALADINO, herein referred to as "Saladino", is a New York resident, domiciled at 11 Second Road, Greenwood Lake, New York in Orange County, New York.

2. Said domicile of Plaintiff, "Saladino", is located in the jurisdiction of the Southern District of New York, United States of America.

3. Upon information and belief, Defendant, VINCENT J. CARBONE, ED.D., BCBA, LLC, herein referred to as "Carbone", is a New York Limited Liability Company, authorized to conduct business in the State of New York.

4. Upon information and belief, the Defendant, "Carbone" conducts business under the name "Carbone Clinic."

5. Upon information and belief, principal executive office of the Defendant, "Carbone" is located at 614 Corporate Way, Valley Cottage, New York 10989.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: ______

6.  Upon information and belief, the principal executive office of the Defendant is located within the jurisdiction of the Southern District of New York.

7.  Upon information and belief, Defendant, "Carbone" employs over 15 people.

8.  The Plaintiff was employed by the Defendant at the Valley Cottage, New York location.

9.  The dominant subject matter of this Verified Complaint is grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA") and the New York State Human Rights Law, N.Y. Exec. Law sec. 290 et. seq.

10. Under 28 U.S.C. sec. 1331, actions grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991, ("Title VII"), and the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA"), are permitted to be brought before United States Courts.

11. As the Defendant, "Carbone", is a resident of a locality lying within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, under 28 U.S.C. sec. 1391(b), the Southern District of New York is the proper venue for this action.

12. On or about April 26, 2006, the Plaintiff, "Saladino" filed a Verified Complaint with the United States Equal Employment Opportunity Commission, herein referred to as the "EEOC". Said Charging Complaint was designated as EEOC No.: 520-2006-01781. Said Charging Complaint alleges discriminatory acts by the Defendant. ( A copy of said Charging Complaint is attached herein as Exhibit 1.)

13. On or about September 29, 2006 a "Notice of Right to Sue" was issued by the "EEOC." (See Exhibit 2 attached herein.)

14. On or about October 6, 2006 the "Notice of Right to Sue" was received by the Plaintiff. (See the aforementioned Exhibit 2.).

15. This Summons and Verified Complaint is filed within 90 days of the receipt of said "Notice of Right to Sue."

16. The Plaintiff, "Saladino" demands a jury trial to resolve all issues in this action.

**AS AND FOR A FIRST CAUSE OF ACTION**

17. The Plaintiff, "Saladino", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

18. The Plaintiff, "Saladino", is Female.

19. The Plaintiff, "Saladino", was hired for employment by the Defendant, "Carbone" with her employment commencing September 12, 2005.

20. At all times during the Plaintiff, "Saladino's" employment by the Defendant, "Carbone", said Plaintiff, "Saladino" satisfactorily performed the duties of her employment.

21. In early November 2005, the Plaintiff, "Saladino" informs the Defendant, "Carbone" that she is pregnant.

22. On January 20, 2006, the Plaintiff, "Saladino" was terminated from employment by the Defendant, "Carbone". The Defendant, "Carbone" asserted that the pregnancy of the Plaintiff, "Saladino" prevented said Plaintiff from performing the duties of her employment.

23. Prior to the termination of employment, as stated above, the Plaintiff, "Saladino" had received satisfactory employee reviews.

24. Prior to the termination of employment the Plaintiff, "Saladino" was provided assistance with her duties of employment in a manner that appeared to be the general practice of the Defendant.

25. Prior to the termination of employment, the Defendant, "Carbone" stated that said Defendant, would provide the Plaintiff, "Saladino" with a reasonable accommodation due to the Plaintiff's pregnancy.

26. Upon information and belief, rather than provide the required reasonable accommodation, the Defendant, "Carbone" terminated the employment of the Plaintiff, "Saladino."

27. Notwithstanding the Plaintiff's assertions that she was medically able to perform the duties of her employment, the Defendant, "Carbone" terminated the employment.

28. The actions of the Defendant, "Carbone" were discriminatory to the Plaintiff, "Saladino" because the Defendant, "Carbone" did not treat the Plaintiff, "Saladino" a pregnant woman the same as other employees. The Defendant, "Carbone" treated the Plaintiff, "Saladino" a woman affected by pregnancy, childbirth or related medical conditions different than the treatment afforded other employees as concerns employment-related purposes, including receipt of benefits under fringe benefit programs, and in the instant matter, especially the Plaintiff's right to maintain employment.

29. But for the discriminatory and unlawful actions of the Defendant, "Carbone", the Plaintiff, "Saladino" would still be employed by said Defendant, "Carbone" with all of the wages, and benefits such employment provides.

30. Said termination of employment of the Plaintiff, "Saladino" by the Defendant, "Carbone" was in violation of Plaintiff, "Saladino's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. ("Title VII"), and the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA").

31. As a result of such violation, the Plaintiff, "Saladino" is entitled to all of the remedies set forth under Title VII.

32. Thus, for all of the violations of the Federal Statutes, the Plaintiff, "Saladino" is entitled to "back pay" from the date of the unlawful termination, (January 20, 2006), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Saladino" in the position she would have been in had the unlawful termination not occurred and her employment lasted until normal retirement age. Such "front pay" includes salary, fringe benefits, and pension benefits. Plaintiff, "Saladino" is also entitled to receipt of punitive damages, and attorney fees.

33. The Plaintiff, "Saladino" resumed employment in the workplace on September 1, 2006.

34. Thus, there is now due and owing from the Defendant, "Carbone" to the Plaintiff, "Saladino" back pay in the amount of $23,000.00, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $50,000.00, and attorney fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

35. The Plaintiff, "Saladino", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

36. Said actions of Defendant, "Carbone", terminating the employment of the Plaintiff, "Saladino", because she was pregnant is a violation of the Plaintiff, "Saladino's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

37. Under New York State Human Rights Law, the Plaintiff, "Saladino", is entitled to back pay, front pay, reinstatement, and restoration of lost fringe benefits.

38. Thus, there is now due and owing from the Defendant, "Carbone" to the Plaintiff, "Saladino" back pay in the amount of $23,000.00 and health benefits and pension funding in an amount to be determined at trial.

39. Additionally, under New York State Human Rights Law, the Plaintiff, "Saladino", is entitled to recover for pain and suffering.

40. Thus, because of the Defendant, "Carbone's", violation of employment rights of the Plaintiff, "Saladino", the Plaintiff, "Saladino", has suffered damages for pain and suffering in the amount of $100,000.00.

41. Thus, there is now due and owing from the Defendant, "Carbone," to the Plaintiff, "Saladino", the amount of $100,000.00 for damages from pain and suffering.

**WHEREFORE**, the Plaintiff, ALYSSA SALADINO, demands judgment:

(1) Against the Defendant, "Carbone" for termination of her employment due to discriminatory reasons on the basis of her pregnancy, in violation of the Plaintiff, "Saladino's" rights under the provisions of the Pregnancy Discrimination Act, 42 U.S.C. sec.

2000e et. seq. ("PDA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(2) Against the Defendant, "Carbone" awarding the Plaintiff, "Saladino", back pay in the amount of $23,000.00, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $50,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the wrongful termination of employment.

(3) Against the Defendant, "Carbone" for termination of her employment due to discriminatory reasons on the basis of her pregnancy, in violation of the Plaintiff, "Saladino's" rights under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

(4) Against the Defendant, "Carbone" awarding the Plaintiff, Plaintiff, "Saladino", back pay in the amount of $23,000.00, health benefits and pension funding in an amount to be determined at trial, and damage for pain and suffering in the amount of $100,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. for discrimination due to pregnancy.

(5)     Awarding attorney fees as applicable under "Title VII".

(6)     Granting to Plaintiff, "Saladino" such other and further relief as the Court deems just and proper.

Dated: New City, New York
       December 18, 2006

 

Barry D. Haberman, Esq. (bh 2589)
Attorney for Plaintiff
ALYSSA SALADINO
254 South Main Street, #401
New City, New York 10956
845-638-4294

Case 7:06-cv-15441-CM-LMS    Document 1    Filed 12/26/06    Page 9 of 17

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☐ EEOC

Agency(ies) Charge No(s): **520-2006-01781**

and EEOC

State or local Agency, if any

| Name *(Indicate Mr., Ms., Mrs.)* | Date of Birth |
|---|---|
| **Alyssa Saladino** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **249 N. Middletown Road, Apt 14A** | **Nanuet, New York 10954** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| **Carbone Clinic - ED.D, BCBA, LLC** | **15 plus** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **614 Corporate Way** | **Valley Cottage, New York 10989** |

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| | **Jan 20, 2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Please see attached**

RECEIVED
JUL 28 2006

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State or Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

*Date* *Charging Party Signature*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**NEW YORK DISTRICT OFFICE**

------------------------------------------------------------------------X

ALYSSA SALADINO,

Complainant,

-against-

VINCENT J. CARBONE, ED.D., BCBA, LLC
d/b/a CARBONE CLINIC,

Respondent,

------------------------------------------------------------------------X

**EEOC NO.:**
**DATE FILED:**

**VERIFIED CHARGING COMPLAINT**

Complainant, complaining of the Respondent, by Barry D. Haberman, Esq. respectfully alleges:

1. The Complainant, ALYSSA SALADINO, herein referred to as "Saladino", is a New York resident, domiciled at 249 N. Middletown Road, Apt 14A, Nanuet, New York 10954, in Rockland County, New York.

2. Upon information and belief, Respondent, VINCENT J. CARBONE, ED.D., BCBA, LLC, herein referred to as "Carbone" is a New York Limited Liability Company, with offices located at 614 Corporate Way, Valley Cottage, New York 10989.

3. Upon information and belief, Respondent, VINCENT J. CARBONE, ED.D., BCBA, LLC, conducts business under the name "Carbone Clinic" and said Respondent employs over 15 people.

4. The Complainant, "Saladino is female.

5. The Complainant, "Saladino," was pregnant at the time of her termination from employment by the Respondent, "Carbone."

6. The Complainant, "Saladino" was hired for employment by the Respondent, "Carbone" on September 12, 2005.

RECEIVED
APR 26 2006
EEOC-NYDO ENFORCEMENT

7. Upon information and belief, Complainant, "Saladino" had always performed duties of her employment in a satisfactory manner.

8. On January 20, 2006, the Complainant, "Saladino" was terminated from employment by the Respondent, "Carbone". The Respondent, "Carbone" asserted that the pregnancy of the Complainant, "Saladino" prevented said Complainant from performing the duties of her employment.

9. Prior to the termination of employment, as stated above, the Complainant, "Saladino" had received satisfactory employee reviews.

10. Prior to the termination of employment the Complainant, "Saladino" was provided assistance with her duties of employment in a manner that appeared to be the general practice of the Respondent.

11. Notwithstanding the Complainant's assertions that she was medically able to perform the duties of her employment, the Respondent terminated the employment.

12. Upon information and belief, the Respondent, "Carbone" terminated the employment of the Complainant, "Saladino" due to the pregnancy of said Complainant, "Saladino" and due to the Complainant's sex.

13. There was no legitimate reason for the termination of Complainant, "Saladino's" employment by the Respondent, "Carbone".

14. The actions of the Respondent, "Carbone" were, and are in violation of the Complainant, "Saladino's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. sec. 2000e et. seq. ("PDA"), and the New York State Human Rights Law, N.Y. Exec. Law sec. 290 et. seq.

RECEIVED
JUL 28 2006

RECEIVED
APR 26 2006
EEOC-NYDO-ENFORCEMENT

15. But for the discriminatory and unlawful actions of the Respondent, "Carbone", the Complainant, "Saladino" would still be employed by said Respondent, "Carbone" with all of the wages, and benefits such employment provides.

16. Thus, for all of the violations of the Federal Statutes, the Complainant, "Saladino" is entitled to "back-pay" from the date of the unlawful termination, including salary, projected raises, lost benefits, lost stock option opportunities, and lost pension funding, "front pay", to put Complainant, "Saladino" in the position she would have been in had the unlawful termination not occurred and her employment lasted until her retirement. Such "front pay" includes salary, stock options, fringe benefits, and pension benefits. Complainant, "Saladino" is entitled to punitive damages and to recover attorney's fees.

17. Thus, for all of the violations of the New York Statutes, the Complainant, "Saladino" is entitled to "back pay" from the date of the unlawful termination, including salary, projected raises, lost benefits, lost stock option opportunities and lost pension funding, "front pay" to put the Complainant, "Saladino" in the position she would have been in had the unlawful termination not occurred and her employment lasted until her retirement. Such "front pay" includes salary, fringe benefits and pension benefits. Complainant, "Saladino" is also entitled to damages for emotional pain, suffering, mental anguish, inconvenience and loss of enjoyment of life.

Dated: New City, New York
April 12, 2006

RECEIVED
APR 26 2006
EEOC-NYDO-ENFORCEMENT

BARRY D. HABERMAN, ESQ.
Attorney for Complainant
ALYSSA SALADINO
254 South Main Street, #401
New City, New York 10956
845-638-4294

**VERIFICATION**

That the deponent, ALYSSA SALADINO, is the Complainant, in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, deponent believes them to be true. The grounds for deponent's belief as to all matters not stated upon her knowledge are investigations which she has made or has caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true.

Dated: New City, New York
April 12, 2006

ALYSSA SALADINO

**IN PRESENCE OF**

STATE OF NEW YORK )
) ss.:
COUNTY OF ROCKLAND )

On the 12 day of April, 2006, before me, the undersigned, a Notary Public in and for said State, personally appeared **ALYSSA SALADINO,** personally known to me or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual or person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

RECEIVED
APR 26 2006
EEOC-NYDO-ENFORCEMENT

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.
BARRY D. HABERMAN

*Attorney for Complainant*

*Office and Post Office Address*
254 South Main Street #401
New City, New York 10956
(845) 638-4294

*To*
*Attorney(s) for*

NOTICE OF SETTLEMENT

Sir: - Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

One of the judges of the within named Court, at

on
at M.
Dated,

Yours, etc
BARRY D. HABERMAN

*Attorney for Complainant*
*Office and Post Office Address*
254 South Main Street #401
New City, New York 10956
(845) 638-4294

Index No.: Year 2006
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DISTRICT OF NEW YORK

ALYSSA SALADINO,

Complainant,

- against -

CARBONE CLINIC,

Respondent.

**VERIFIED CHARGING COMPLAINT**

Barry D. Haberman, Esq.

*Attorney for* **Complainant, ALYSSA SALADINO**

*Office and Post Office Address*
254 South Main Street #401
New City, New York 10956
(845) 638-4294

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

.............................................
Attorney(s) for

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:

**Alyssa Saladino**
**249 Middletown Road, Apt 14A**
**Nanuet, New York 10954**

From: **Equal Employment Opportunity Commission**
**New York District Office**
**33 Whitehall Street, 5th Floor**
**New York, New York 10004-2112**

RECEIVED
OCT - 6 2006

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2006-01781** | **Rodney E. Plummer** | **(212) 336-3767** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statute(s).

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

SEP 29 2006
*(Date Mailed)*

Enclosure(s)

cc: **Carbone Clinic**
**c/o Paul Becker**
**Attorney At Law**
**6 Larkspur Court**
**New City, New York 10956**

**C/P Attny: Barry Haberman**
**Attorney At Law**
**254 South Main Street**
**Suite 401**
**New City, New York 10956**